## UNITED STATES BANKRUPTCY COURT
## FOR THE NOTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 (Jointly Administered) |
| LUCKY # 5409, INC., *et al.* | Case No. 16-16264 |
| Debtors. | Hon. Pamela S. Hollis |
| | Date:  July 19, 2018 |
| | Time: 10:30 a.m. |

## NOTICE OF MOTION

To:     See Attached Service List

PLEASE TAKE NOTICE that on **July 19, 2018 at 10:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before United States Bankruptcy Judge Pamela S. Hollis, or any other judge sitting in her stead, in Courtroom 644 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, on the attached **MOTION FOR (I) ORDER MODIFYING THE CONFIRMED PLAN OF LIQUIDATION TO PERMIT *PRO RATA* PAYMENTS TO CLASS IV CREDITORS; (II) ENTRY OF DISCHARGE OF INDIVIDUAL CHAPTER 11 DEBTOR; AND (II) ENTRY OF FINAL DECREES IN THE JOINTLY ADMINISTERED BANKRUPTCY CASES**, at which time and place you may appear as you see fit.

LUCKY # 5409, INC. and AZHAR CHAUDHRY, reorganized debtors

By:_____/s/ *Kevin H. Morse*_____ _____

Kevin H. Morse (06297244)
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tel:  (312) 876-7122
Fax: (312) 876-6273

## CERTIFICATE OF SERVICE

I, Kevin H. Morse, an attorney, certify that I caused a copy of the attached Notice of Motion and Motion to be served on the parties listed on the service list below and on those parties receiving notification by participation in the Court's ECF system on July 5, 2018.

/s/ *Kevin H. Morse*                 .

*Via ECF*:

- **Sarah E Barngrover**    amps@manleydeas.com
- **Eugene J Geekie**    Eugene.geekie@saul.com, cynthia.enright@saul.com
- **Michael L. Gesas**    michael.gesas@saul.com, jurate.medziak@saul.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Kevin H Morse**    kevin.morse@saul.com
- **William Murakowski**    caine93@live.com
- **Robert E Richards**    robert.richards@dentons.com, NDIL_ECF@dentons.com
- **Todd J Ruchman**    amps@manleydeas.com
- **Brian P Welch**    bwelch@burkelaw.com, gbalderas@burkelaw.com
- **David K Welch**    dwelch@burkelaw.com, gbalderas@burkelaw.com;bwelch@burkelaw.com;welchdr67393@notify.bestcase.com
- **William A Williams**    bill.williams@saul.com
- **Zhiqi Wu**    bankruptcy@hsbattys.com, bk4hsbm@gmail.com

Carmen D. Caruso Law Firm
77 W. Washington Street, Suite 1900
Chicago, IL  60602

Van Earden Foodservice
650 Ionia Avenue SW
Grand Rapids, MI  49503

McLane Food Service, Inc.
2085 Midway Road
Carrollton, TX  75006

Nicor Gas
Attn:  Bankruptcy & Collections
P.O. Box 2020
Aurora, IL  60507

ComEd
Attn:  Claims Department
P.O. Box 805379
Chicago, IL  60680

Vista Insurance
5105 Toll View Drive, #100
Rolling Meadows, IL  60008

Village of Bridgeview
Department of Public Works
7500 W. Oketo Avenue
Bridgeview, IL 60455

AT & T
P.O. Box 5014
Carol Stream, IL  60197-1310

Environmental Recycling & Disposal
P.O. Box 675
Orland Park, IL  60462-0675

H&L Sewer Service
1009 Church Hill Drive
Bolingbrook, IL  60440

Anderson Pest Solutions
P.O. Box 28020037
Jacksonville, FL  32260

B&E Leasing
P.O. Box 481
Burlington, WI 53105

Valpak of Chicago South/NWI
5101 West 159th Street
Oak Forest, IL 60452

Mahoney Environmental
37458 Eagle Way
Chicago, IL  60678

Grove Leasing Service
8704 West 98th Place
Palos Hills, IL 60465

All America Publishing
5411 Kendall Street
Boise, ID 83706

NuCo2
P.O. Box 417902
Boston, MA  0224

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101

Ron Matin / Empire Restaurant Group
3031 W. Willow Knolls Dr.
Apt. # 201
Peoria, IL 61614

Empire Restaurant Group
10205 Mulberry Lane, Suite H
Bridgeview, IL  60455

Adeeba Sarwar
240 Lee Street
Mount Prospect, IL  60056

Chase Mortgage
P.O. Box 24696
Columbus, OH 43224

Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203

Law Offices of Brian Ira Tannenbaum
2970 Maria Avenue
Suite 207
Northbrook, IL  60062

Bank of America
c/o Northstar Location Services
4285 Genesee Street
Cheektowaga, NY  14225

Capital One Bank (USA), NA
By American InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Discover Financial Service LLC
P.O. Box 3025
New Albany, OH 43054-3025

The Chicagoland & Suburban Law Firm
248 S. Marion Street, Suite 104
Oak Park, IL  60302

Amex
P.O. Box 297871
Fort Lauderdale, FL  33329

Chase Card
P.O. Box 15298
Wilmington, DE  19850

Nicor Gas
P.O. Box 5407
Carol Stream, IL  60197

Enhanced Recovery Corp.
8014 Bayberry Road
Jacksonville, FL  32256-7412

ComEd Bill Payment Center
P.O. Box 6111
Carol Stream, IL  60197

MCSI, Inc.
P.O. Box 327
Palos Heights, IL  60463

Illinois Department of Revenue
Bankruptcy Section
P O Box 64338
Chicago IL 60664-0338

IL Dept of Employment Security
Benefit Payment Control Division
P.O. Box 4385
Chicago, IL  60680-4385

Illinois Department of Employment Security
33 S. State Street, 10th Floor
Chicago, IL  60603-2804

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, IL  60604-1705

IHOP Restaurants, LLC
Robert Richards, c/o Dentons
233 South Wacker Drive, Suite 5900
Chicago, IL  60606-6361

International House of Pancakes LLC
c/o General Counsel
525 N. Brand Boulevard, 3rd Floor
Glendale, CA  91203-3991

JPMorgan Chase Bank, National Association
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216

JPMorgan Chase Bank, NA
c/o Codilis & Associates PC
15W030 North Frontage Road
Suite 100
Burr Ridge, IL 60527

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL  60604-2027

Merle L. Royce II Law
70 W. Madison Street, Suite 2100
Chicago, IL  60602-4253

B&E Dishwashing (Sanihawk)
PO Box 2155
Northbrook, IL 60065-2155

Commonwealth Edison Company
3 Lincoln Center
Attn: Bankruptcy Department
Oakbrook Terrace, IL 60181-4204

Capital One
P.O. Box 30285
Salt Lake City, UT  84130-0285

Discover Financial Services LLC
P.O. Box 3025
New Albany, OH  43054-3025

MYDSNB
9111 Duke Boulevard
Mason, OH  45040-8999

Merchants Credit Guide
223 W. Jackson Boulevard
Suite 4
Chicago, IL  60606-6914

The Distribution Group Inc.
c/o Van Eerden Food Service
PO Box 3110
Grand Rapids, MI 49501-3110

McLane Foodservice, Inc.
Jonathan T. Edwards, Alston & Bird
1201 W. Peachtree St, Suite 4900
Atlanta, GA 30309-3466

RY General Contractors Inc.
2S561 IL Route 53
Glen Ellyn, IL 60137-7175

American Express Bank FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

114554738.2

American Express Centurion Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701
[*Class 4 Claimant*]

Lucky # 5409, Inc.
P.O. Box 1947
Bridgeview, IL 60455

Azhar Chaudhry
7555 Sholer Avenue
Bridgeview, IL 60455-1253

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 (Jointly Administered) |
| LUCKY # 5409, INC., *et al.* | Case No. 16-16264 |
| Debtors. | Hon. Pamela S. Hollis |
| | Date:  July 19, 2018 |
| | Time: 10:30 a.m. |

**MOTION FOR ENTRY OF (I) AN ORDER MODIFYING THE CONFIRMED PLAN OF LIQUIDATION TO PERMIT *PRO RATA* PAYMENTS TO CLASS IV CREDITORS; (II) THE DISCHARGE OF INDIVIDUAL CHAPTER 11 DEBTOR; AND (III) FINAL DECREES IN THE JOINTLY ADMINISTERED BANKRUPTCY CASES**

Lucky # 5409, Inc. and Azhar Chaudhry (collectively, the "Debtors"), the reorganized debtors in the above-captioned, jointly administered chapter 11 bankruptcy cases, files this motion (the "Motion"), pursuant to the confirmed plan of liquidation and sections 524, 1125, 1127 and 1141 of the Bankruptcy Code, for the entry of (I) an order modifying the confirmed plan of liquidation to permit *pro rata* payments to Class IV creditors; (II) the discharge of the individual Chapter 11 debtor, Azhar Chaudhry ("Chaudhry"); and (III) final decrees in the jointly administered bankruptcy cases.   In support of the Motion, the Debtors respectfully state as follows:

**Background Facts**

1.      On May 13, 2016, the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases").  The Bankruptcy Cases are jointly administered under the lead case of *In re Lucky # 5409, Inc.* (Case No. 16-16264), with the related case of *In re Azhar Chaudhry* pending as Case No. 16-16273 (the "Chaudhry Case")

2.      On December 21, 2017, the Court entered an order confirming the plan of liquidation in the jointly administered bankruptcy cases [Docket No. 180] (the "Plan").  The Plan

authorized Chaudhry to sell his ownership interest in an IHOP franchise located in Bridgeview, Illinois ("IHOP-Bridgeview") to an authorized buyer.  The Plan proposed to pay the Class IV creditors in full from the net sale proceeds of IHOP-Bridgeview and, instead of a surplus to Chaudhry, the net sale proceeds would voluntarily be distributed by Chaudhry, through the Disbursing Agent, to Allowed Class V Claims on a *pro rata* basis.

3.      The Plan and Disclosure Statement estimated outstanding property taxes to be paid through the sale of IHOP-Bridgeview at approximately $50,000.  Section 3.01 of the Plan set forth the treatment of all creditors holding Administrative Claims.  To reflect the priority of all Administrative Claims, each section in Article V of the Plan prohibited any distribution to Class 4 or Class 5 unsecured creditors until all holders of Administrative Claims had been paid in full in accordance with the terms of the Plan.

4.      On December 27, 2017, a water heater at IHOP-Bridgeview broke, requiring emergency repairs.  Additional repairs were also required on an exigent basis given that the sale of the franchise was scheduled to close the following day.  The Debtors contacted Jacob's Heating, Cooling and Refrigeration ("Jacob's") to make the required repairs.  That same day, December 27, 2017, Jacob's made the emergency repairs required for IHOP-Bridgeview and charged $4,200 for labor and costs.

5.      On December 28, 2017, Chaudhry closed the sale of IHOP-Bridgeview.  Pursuant to the closing statement, the outstanding property taxes for IHOP-Bridgeview were $99,844.56 (the "Property Taxes").  In addition to the Property Taxes, the closing statement included additional IHOP closing charges, including, actual and estimated gift card liability, rent, royalty fees, advertising fees, and equipment leases, totaling $25,394.01 ("Additional IHOP Closing Costs").

4

6.      On January 12, 2018, RY General Contractors ("RY") filed a request for payment of an administrative claim in the Chaudhry Case [Docket No. 32, Case No. 16-16273] (the "Request").  RY asserted in the Request that it provided $27,910 in unpaid, post-petition general contracting and construction services to the IHOP-Bridgeview.  The Debtors and RY agreed to an administrative claim in the amount of $14,500.

7.      On April 12, 2018, the Debtors filed a motion for entry of an order, *inter alia*, for the payment of the administrative claims of RY and Jacob's [Docket No. 217].  A copy of the motion was served on all creditors.  No objections were filed.  On May 3, 2018, the Court entered an order authorizing the Debtors, through the disbursing agent, to pay $14,500 to RY and $4,200 to Jacob's as administrative expenses [Docket No. 221].

8.      Further, on May 17, 2018, the Court entered an order approving a stipulation between the Debtors and JPMorgan Chase Bank, N.A. resolving outstanding issues with JPMorgan Chase Bank, N.A.'s secured claim and resolution of those claims.

9.      Since confirmation of the Plan, the Debtors incurred $93,938.57 in administrative expenses critical to the consummation of the Plan but not contemplated in the Plan.  These administrative expenses consisted of the additional $49,844.56 in Property Taxes, $25,394.01 in Additional IHOP Closing Costs, $14,500 paid to RY, and $4,200 paid to Jacob's.  These post-confirmation administrative expenses do not include the necessary attorneys' fees attendant to the resolution of such claims or U.S. Trustee Quarterly payments made since confirmation.

## Relief Requested

10.     The Debtors respectfully request the Court entry of (I) an order modifying the confirmed plan of liquidation to permit *pro rata* payments to Class IV creditors; (II) the

5

discharge of the individual Chapter 11 debtor, Azhar Chaudhry ("Chaudhry"); and (III) a final

decree in the jointly administered bankruptcy cases.

## Basis for Relief

## I.     Modification of Chapter 11 Plan

11.     Section 1127 of the Bankruptcy Code provides that a "reorganized debtor may

modify such plan at any time after confirmation of such plan and before substantial

consummation of such plan, but may not modify such plan so that such plan as modified fails to

meet the requirements of sections 1122 and 1123 of this title." 11 U.S.C § 1127(b).  Section

1127 continues that the "plan as modified . . . becomes the plan only if circumstances warrant

such modification and the court, after notice and a hearing, confirms such plan as modified,

under section 1129 of this title." Id.

12.     The Debtors seek to clarify and modify sections 5.01 and 9.02 of the confirmed

Plan in order to allow payment to creditors and discharge of Chaudhry.  Pursuant to Section 5.01

of the Plan, the Debtors could not make any distributions to Class 4 creditors until, *inter alia*, all

Administrative Claims were paid in full.  The Property Taxes and Additional IHOP Closing

Costs were critical to the closing of the sale of IHOP-Bridgeview.  Further, the RY and Jacob's

Administrative Claims were approved by the Court after notice and hearing to all creditors.  The

payment of those claims was necessary to consummate the Plan, and those claims were

undoubtedly administrative claims pursuant to the Plan.

13.     Section 5.01 of the Plan further provided that Allowed General Class 4 Claims

"shall be fully settled and satisfied in full in cash upon the later of: (a) the date of allowance

thereof by Final Order; (b) the earliest date on which there are Liquidation Proceeds available to

pay the Allowed Class 4 Claims; or (c) the Operational Claim Deadline."  The Liquidation

6

Proceeds available will permit the *pro rata* distribution to Class 4 creditors.  Based on the Administrative Claims in the case, the Debtors will not be able to make a 100% distribution to Class 4 creditors or any distribution to Class 5 creditors.  However, as shown on the Liquidation Analysis attached as Exhibit C to the Disclosure Statement, the *pro rata* distribution to Class 4 creditors of 56% is still significantly greater than such creditors would have received under a Chapter 7 case.  The modification is necessary under the circumstances and will allow creditors to recover *pro rata* on the claims.

14.     The clarification and modification of section 9.01 is also necessary and directly tied to the modification of section 5.01 of the Plan.  Section 9.01 provided for the discharge of Chaudhry's debts after payment of the Class 4 claims.  Based on the modification of section 5.01 of the Plan, the Plan will still provide for a greater distribution than creditors would have received if the case was converted to Chapter 7.  Given that Class 4 creditors of Chaudhry will still receive a substantial distribution, which consists of the remaining Liquidation Proceeds, a modification of section 9.01 of the Plan to reflect the modifications to section 5.01 is necessary for Chaudhry to receive his discharge.

15.     The Debtors request the modifications to the Plan as set forth above to permit the distribution of remaining Liquidation Proceeds to creditors and allow the Debtors to close these cases.

## II.     Discharge

16.     Debtor Chaudhry seeks the entry of discharge pursuant to sections 524 and 1141(d)(1)(A) of the Bankruptcy Code and section 9.01 of the Plan, as modified herein.  Upon entry of an order granting this motion, the Disbursing Agent shall make all payments required under the Plan and as set forth above.  Based on the payment of allowed Class 4 claims, pursuant

to this Motion, the Debtor will have satisfied the requirements of section 1141(d)(5)(B) and entry of a discharge is appropriate.

**III.     Final Decree**

17.     The Debtors seek the entry of an order for final decree closing the Debtors' bankruptcy cases.  Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

18.     The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

>    (a) Whether the order confirming the plan has become final;
>
>    (b) Whether deposits required by the plan have been distributed;
>
>    (c) Whether the property proposed by the plan to be transferred has been transferred;
>
>    (d) Whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan; (e) Whether payments under the plan have commenced; and
>
>    (f) Whether all motions, contested matters, and adversary proceedings have been finally resolved.

8

Courts have affirmed its adoption of the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed. *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990); *see also In re Kliegel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree).

19.     The factors set forth in the Advisory Committee Note weigh in favor of an entry of Final Decree. First, the Court has entered the Confirmation Order confirming the Plan which is final and non-appealable.

20.     Second, upon entry of an order modifying the Plan, the Disbursing Agent will make all Plan payments that he is able to make. Specifically, in accordance with Local Rule 3022-1, the status of payments to each class under the Plan will be as follows:

| Class | Status |
| --- | --- |
| Class 1 – Secured Creditors | Paid in Full |
| Class 2 – Priority Claims | Paid in Full |
| Class 3 – IHOP Cure Claim | Paid in Full |
| Class 4 – Personal Creditors | To Be Paid Pursuant to Order |
| Class 5 – Business Creditors | Will Receive No Distribution |
| Class 6 – Interests | Will Receive No Distribution |

21.     Third, the Plan was a liquidating plan and the Plan did not contemplate that the Debtor's business would be continuing.  The sale of IHOP-Bridgeview closed on December 21, 2017, and the Disbursing Agent made all distributions required on the Effective Date of the Plan.

22.    Finally, all motions, contested matters, and adversary proceedings have been resolved.

23.    Accordingly, the Debtors submit that the Court should enter a Final Decree closing the chapter 11 cases because the Debtors estates have been administered and the Plan has been substantially consummated.

WHEREFORE, Lucky # 5409, Inc. and Azhar Chaudhry request that this Court enter an order: (1) authorizing the modification of the Plan to permit the *pro rata* distribution to Class IV creditors; (2) authorizing the clerk to enter a discharge in favor of Chaudhry; (3) for final decree in the jointly administered bankruptcy cases; and (4) for such further relief this Court deems just, equitable, and proper

Dated:  July 5, 2018                        LUCKY # 5409, INC. and AZHAR CHAUDHRY,
                                            reorganized debtors


                                            By:____/s/ *Kevin H. Morse*_____

                                            Kevin H. Morse (06297244)
                                            SAUL EWING ARNSTEIN & LEHR LLP
                                            161 N. Clark Street, Suite 4200
                                            Chicago, Illinois 60601
                                            Tel:  (312) 876-7122
                                            Fax: (312) 876-6273